■ Eva Barroso et al., Respondents, v City of New York et al., Appellants. [644 NYS2d 723]

---

This is a personal injury action arising out of an intersection collision between a City-owned and private vehicle in which the City vehicle is alleged to have passed a red light. The City claims that its driver, with the vehicle's emergency red light on, was responding to a radio transmission that a Sanitation Department foreman was detaining someone suspected of illegal dumping. The City also contends that plaintiff came from behind a bus that had stopped, presumably to enable the City vehicle to clear the intersection. Plaintiff moved to strike the City's answer for its failure to comply with, *inter alia*, a notice of discovery and inspection seeking documents showing, essentially, whether the driver of the City vehicle as well as the passenger received medical treatment as a result of the accident, the number of vehicles available to respond to the radio transmission, and documents relating to the alleged illegal dumping, a tape of the radio transmission and the name and address of the bus driver. By separate notice, plaintiff sought inspection of the City vehicle involved in the accident, which had occurred 23 months earlier. The City cross-moved for a protective order with respect to all of the demands except the tape of the radio transmission. The IAS Court granted the motion striking the answer unless the City complied with the discovery demands within 45 days and denied the City's cross-motion for a protective order. We reverse.

Except for the request for the tape of the radio transmission, which the City has agreed to provide, plaintiff's discovery and inspection demands are palpably improper. The medical condition of the two City employees is not in issue and plaintiff does not even address the issue. The availability of the City vehicles to respond to the radio transmission is irrelevant and, moreover, involves a matter of governmental discretion having to do with the deployment of its resources with which the judiciary should not interfere. (*See, Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 182.) Documents relating to what happened at the scene of the illegal dumping are similarly irrelevant. The City avers that it does not know the identity of the bus driver. Such information is equally available to plaintiff. The City argues that inspection of the vehicle, almost two and

one-half years since the accident at the time of these motions, would be futile. Plaintiff does not address this issue on appeal and was silent on it as well before the IAS Court. If the City has available post-accident photographs of the vehicle it should produce the same, indicating the date. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.